UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL D. STARK, | Case No. 19-cv-375 (ECT/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN M. RIOS, | |
| Respondent. | |

The above-captioned case is before the undersigned on Stark's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Pet., ECF No. 1). This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, this Court recommends the petition be dismissed.

### I. BACKGROUND AND THE FIRST STEP ACT

Stark was convicted in the United States District Court for the Western District of Wisconsin and sentenced to 168 months imprisonment. (Decl. of Shannon Boldt ¶ 3, ECF No. 12). Stark is presently incarcerated at the Federal Prison Camp in Duluth, Minnesota. (Pet., at 1; Boldt Decl. ¶ 3). Under current calculation methods, Stark is projected to be released on October 17, 2020 due to earned good conduct time. (Jones Decl. ¶ 3).

The First Step Act of 2018, Pub. L. 115–391, 132 Stat. 5194 (2018), was enacted on December 21, 2018. Relevant here, the First Step Act ("FSA") re-authorizes the Bureau of Prisons ("BOP") to conduct a home confinement pilot program for elderly offenders,

initially enacted by the Second Chance Act of 2007. Pub. L. 115–391, § 603, 132 Stat. 5194, 5238–41; *see* 34 U.S.C. § 60541(g). That statute, as amended by the FSA, now reads:

> **(A) In general**
>
> The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.
>
> **(B) Placement in home detention**
>
> In carrying out a pilot program as described in subparagraph (A), the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender.
>
> **(C) Waiver**
>
> The Attorney General is authorized to waive the requirements of section 3624 of Title 18 as necessary to provide for the release of some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention for the purposes of the pilot program under this subsection.

34 U.S.C. § 60541(g). To be eligible, an elderly offender must meet various criteria including (1) be at least 60 years of age and (2) have served two-thirds of their term of imprisonment. 34 U.S.C. § 60541(g)(5)(A).

Stark filed the instant habeas petition arguing that he is entitled to immediate release from prison under the FSA because he meets all the criteria of an eligible elderly offender. (Pet., at 5–7; *see also* ECF No. 3). Stark argues that he has actually over-served his sentence because he is beyond the two-thirds requirement necessary to be eligible for elderly offender home confinement. (Pet., at 5–7; *see also* ECF No. 3). Respondent indicates that

2

the BOP at FPC-Duluth has conducted a preliminary review and found Stark met the initial criteria for definition as an elderly offender. (Boldt Decl. ¶ 14).

## II. ANALYSIS

The plain reading of 34 U.S.C. § 60541(g) shows it creates a pilot project and gives the Attorney General the discretion to designate which institutions will participate. *United States v. Egan*, 2019 WL 1552266, at *1 (S.D.N.Y. Apr. 10, 2019) (citing *Xiao v. La Tuna Fed. Corr. Inst.*, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019)). "This discretion is consistent with the Attorney General's—and by extension the Bureau of Prisons'—long-standing unfettered discretion over where to house prisoners." *Egan*, 2019 WL 1552266, at *1; *Deffenbaugh v. Sullivan*, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); 18 U.S.C. § 3621(b).

The federal courts that have considered the recently-amended 34 U.S.C. § 60541(g) have found a district court has no power to use it to grant a prisoner early release to home detention. *Deffenbaugh*, 2019 WL 1779573, at *1; *Egan*, 2019 WL 1552266, at *1; *Xiao*, 2019 WL 1472889, at *3 (declining to grant a request for home detention under 34 U.S.C. § 60541); *United States v. Clark*, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (holding that courts cannot order home imprisonment for eligible elderly offenders under 34 U.S.C. § 60541 because "the method of incarceration . . . is determined solely by the Bureau of Prisons"); *United States v. Perez-Asencio*, 2019 WL 626175, at *4 (S.D. Cal. Feb. 14, 2019) (34 U.S.C. § 60541 "only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a [Bureau of Prisons] facility to home confinement."); *United States v. Curry*, 2019 WL 508067, at *2 (E.D. Ky. Feb. 8, 2019)

("34 U.S.C. § 60541 only authorizes the Attorney General to modify the method of imprisonment. It does not permit the Courts to take such action."); *Burg v. Nicklin*, 2019 WL 369153, at *2–*3 (W.D. Tex. Jan. 29, 2019) (noting that the BOP retains exclusive authority and discretion to designate the place of an inmate's confinement); *see United States v. Burkhart*, 2019 WL 615354, at *1 n.1 (E.D. Ky. Feb. 13, 2019) (noting it would not be within the court's authority to grant release where the BOP retains decision-making authority under 34 U.S.C. § 60541).

This Court likewise concludes it has no authority under 34 U.S.C. § 60541(g) to order that Stark serve the remainder of his sentence in home detention. Thus, Stark's petition should be denied without prejudice.

[Continued on next page.]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**.

Date: June 5, 2019

                                       *s/ Steven E. Rau*
                                       Steven E. Rau
                                       United States Magistrate Judge
                                       District of Minnesota

                                       *Stark v. Rios*
                                       Case No. 19-cv-375 (ECT/SER)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).