UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael D. Stark,

      Petitioner,

v.

Warden M. Rios,

      Respondent.

File No. 19-cv-00375 (ECT/SER)

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

---

      Petitioner Michael D. Stark commenced this action pro se by filing a petition for a writ of habeas corpus. Pet. [ECF No. 1]. The case is before the Court on a Report and Recommendation [ECF No. 18] issued by Magistrate Judge Steven E. Rau. Magistrate Judge Rau recommends denying Stark's petition without prejudice, concluding that the Court "has no power to . . . grant a prisoner early release to home detention" because the statutory provision under which Stark seeks relief, 34 U.S.C. § 60541(g), "creates a pilot project and gives the Attorney General the discretion to designate which institutions will participate." R&R at 3. Stark filed objections to the Report and Recommendation. ECF No. 19. In response to Stark's objections, Respondent filed a very short pleading confirming Respondent's view that the Report and Recommendation "should be adopted in its entirety." ECF No. 22. Because Stark has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and has concluded that Magistrate Judge Rau's analysis and conclusions are correct.

Stark has "fail[ed] to present any evidence that he ever applied to the Bureau of Prisons to participate in a pilot [Elderly Offender Home Detention Program], or that the program is even available" at the Federal Prison Camp in Duluth where he is currently incarcerated. *Xiao v. La Tuna Fed. Corr. Inst.*, No. EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019); *see* Pet. at 1; *see also* Resp. to Pet. at 4, 8 [ECF No. 11] ("Although the Bureau [of Prisons ("BOP")] is working on policy changes pursuant to the First Step Act, guidance has not yet been issued implementing the Elderly Home Confinement Pilot Program, including identifying which facilities will participate in the pilot program. . . . Stark admits he has failed to exhaust his administrative remedies. . . . Whether he qualifies for placement in home confinement is precisely the type of decision best suited to the BOP, and the BOP should be the first entity to consider Stark's request."). Other evidence in the record suggests that the Federal Prison Camp in Duluth "has proactively conducted a preliminary review that found Stark potentially eligible for the pilot program," but that he has not been released to date. Boldt Decl. ¶ 14 [ECF No. 12]; *see* Ex. A to Pet.'s Reply [ECF No. 15] (containing a "Summary Reentry Plan – Progress Report" from the BOP dated March 22, 2019, stating that "Stark is being recommended for an April 22, 2019, Direct Home Confinement placement date under the Elderly Offender Pilot Program (First Step Act)"); Ex. B to Obj. [ECF No. 20] (containing "Sentence Monitoring Computation Data" dated June 10, 2019, showing Stark's projected release date as October 17, 2020, with no mention of the First Step Act). Consistent with Judge Rau's Report and Recommendation, Stark's petition will be denied without prejudice and this matter dismissed.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. The Objections to the Report and Recommendation [ECF No. 19] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 18] is **ACCEPTED** in full;

3. The Petition for a Writ of Habeas Corpus [ECF No. 1] is **DENIED WITHOUT PREJUDICE**; and

4. The action is **DISMISSED**.

                **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 2, 2019                  s/ Eric C. Tostrud
                                                      Eric C. Tostrud
                                                      United States District Court